# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 10, 2017

v

No. 330238
Wayne Circuit Court
LC No. 15-001582-01-FH

KEVIN DUNSON,

Defendant-Appellant.

Before: STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

STEPHENS, J. (*Concurring in part, dissenting in part*)

I write to concur in the result of the majority but to depart from a portion of their analysis.

The majority focused their analysis on the conclusion that the actions of police would not lead a reasonable person to believe that they were not free to go. While I disagree with that conclusion, I concur with their ultimate determination that no seizure of person occurred in this case until the defendant was physically restrained by the officers. That seizure was made, after the chase and after the defendant abandoned the contraband weapon. My colleagues focused on the enumerated factors in *Mamon*, 435 Mich 1. However, nothing in that case either suggests that its enumerated factors are exhaustive or that the legal principle of examination of the totality of circumstances is limited by the factors enumerated in *Mamon*.

My review of the facts in this case leads me to conclude that a reasonable person would have believed himself to be constrained prior to the chase. When the officers first encountered the defendant and his companion, they were pedestrians lawfully proceeding on a sidewalk early in the morning. The uniformed officers drove alongside them in a marked patrol car. In the light most favorable to the prosecution, the defendant and his companion made eye contact with the officers and exhibited apprehensive behavior and made the decision to reverse their trajectory or "backtrack" away from the officers. In response, the patrol car changed its trajectory and one of the officers turned his flashlight on the two men. In the context of 2017, two African-American men could reasonably believe that they were not free to proceed. However, as Justice Scalia wrote in *California v Hodari D*, in order for the seizure to occur absent actual physical restraint, the seized person must comply with the seizure or stop. 499 US 621, 626-627; 111 S Ct 1547; 113 L Ed 2d 690 (1991). The defendant was not physically restrained and he made the decision

to run.  The officers lawfully gave chase.  Thus, as the majority correctly concluded, no seizure occurred prior to the defendant's abandonment of the gun.


/s/ Cynthia Diane Stephens